IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-355-FL

| | | |
|---|---|---|
| KEVIN SLEEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES FEDERAL | ) | |
| GOVERNMENT; UNITED STATES | ) | |
| DEPARTMENT OF EDUCATION; UNC | ) | ORDER |
| CHAPEL HILL Dorms, Student Housing; | ) | |
| FLORIDA ATLANTIC UNIVERSITY | ) | |
| College of Business; DURHAM | ) | |
| TECHNICAL COMMUNITY COLLEGE | ) | |
| Engineering Department, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 6-1 to 6-12) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 8). Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v.

1

Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal of plaintiff's federal claims, including those under the Fourteenth Amendment, and federal antitrust and money laundering statutes, for failure to state a claim upon which relief can be granted. The magistrate judge also recommends dismissal of plaintiff's common law defamation and libel claims, as well as other claims suggested by the complaint, due to sovereign immunity and failure to state a claim upon which relief can be granted.

Upon de novo review of the M&R and the record in this case, the court finds the magistrate judge's analysis to be thorough and correct. Therefore, the court overrules plaintiff's objections and adopts the recommendation of the M&R. Plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted and due to sovereign immunity. In addition, where plaintiff fails to allege plausible federal claims for relief, the court declines to exercise supplemental jurisdiction over any remaining state law claims, including common law claims for wrongful termination of employment and breach of contract, suggested by plaintiff in his complaint and objections.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 8), and plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted and due to sovereign

immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of April, 2023.

LOUISE W. FLANAGAN
United States District Judge